UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Timothy Wesley Hall, | ) | No. 8:21-cv-3497-RMG-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER AND |
| | ) | REPORT AND RECOMMENDATION |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Timothy Wesley Hall ("Petitioner"), a prisoner in the custody of the Federal Bureau of Prisons, brings this action seeking a petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b); Local Rule 73.02(B), D.S.C.; and the Order of reference by the Honorable Richard M. Gergel dated August 12, 2024, the undersigned United States Magistrate Judge is authorized to review the Petition for relief and submit findings and recommendations to the District Court.

As discussed below, a Report and Recommendation was issued in January 2022 recommending summary dismissal of this action for lack of jurisdiction. ECF No. 21. Thereafter, this action was stayed for more than two years pending the outcome of certain other cases relevant to the claims raised in the Petition. During that stay, two issues relevant to the claims in this action were decided. First, the United States Supreme Court abrogated the Fourth Circuit's savings clause tests as applied in the first Report and Recommendation.[1] Second, the Florida Supreme Court and

---

[1] Specifically, on June 22, 2023, the United States Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465 (2023), abrogating *In re Jones*, 226 F.3d 328 (4th Cir. 2000) and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), and affecting a sea change in habeas practice with respect to § 2241 petitions. *See Johnson v. Dunbar*, No. 5:22-cv-3677-JD-KDW, 2023 WL 5211052, at *3 (D.S.C. July 12, 2023) ("[T]he decision in *Jones v. Hendrix* abrogated the holdings in *In Re*

the United States Court of Appeals for the Eleventh Circuit determined that the state court conviction underpinning Petitioner's federal sentencing enhancement is considered a violent felony.[2] Thus, the Court must engage in a new analysis to apply these now binding precedents to the claims raised in the Petition. For the reasons below, this action is subject to dismissal for lack of jurisdiction because Petitioner cannot meet the requirements of the savings clause.

## **BACKGROUND**

This matter arises from Petitioner's conviction and sentence in the United States District Court for the Southern District of Florida (the "sentencing court") at case number 9:14-cr-80060-DPG-1.[3] ECF No. 1 at 1–2; *see also United States v. Hall*, No. 9:14-cr-80060-DPG-1 (S.D. Fla. Sept. 24, 2014) ("*Hall*"). Specifically, Petitioner challenges his sentence, which was subject to an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924 ("ACCA"),[4] imposed following his conviction for possessing a firearm in violation of 18 U.S.C. § 922(g)(1).

---

*Jones* and *Wheeler*."), *Report and Recommendation adopted by* 2023 WL 5207981 (D.S.C. Aug. 14, 2023).

[2] Specifically, on November 17, 2022, the Florida Supreme Court answered a certified question from the Eleventh Circuit Court of Appeals in *Somers v. United States*, 355 So. 3d 887 (Fla. 2022), *reh'g denied*, 2023 WL 192314 (Fla. Jan. 17, 2023), and the Eleventh Circuit, in turn, issued a decision dated April 25, 2023, holding that "aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's elements clause." *Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023).

[3] The Court takes judicial notice of the records in Petitioner's criminal case, his appeals filed in the Eleventh Circuit Court of Appeals, and his prior habeas actions in the sentencing court, which are discussed in detail below. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[4] The Armed Career Criminal Act (ACCA) sets a fifteen-year minimum sentence for anyone who possesses a firearm as a felon and has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1).

## Procedural History of the Present Action

Petitioner, while proceeding pro se, commenced this action by filing a Petition on the standard form.  ECF No. 1.  Petitioner also filed a supporting brief and exhibits.  ECF Nos. 1-1; 1-2; 1-3.  The Honorable Jacquelyn D. Austin conducted an initial screening of the case and issued a Report and Recommendation on January 28, 2022, recommending that the Petition be dismissed without prejudice and without requiring Respondent to file an answer or return.[5]  ECF No. 21.  Petitioner timely filed objections and also filed a motion to hold the case in abeyance pending a decision by the Florida Supreme Court on issues that he believed could impact his case.  ECF Nos. 24; 26.

By Order dated June 22, 2022, the Honorable J. Michelle Childs[6] granted Petitioner's motion to hold the case in abeyance until the Florida Supreme Court had answered certified questions submitted to it by the Eleventh Circuit Court of Appeals in *Somers v. United States*, No. 19-11484.[7]  ECF No. 29.  In December 2022, Petitioner, still proceeding pro se, filed a first motion to amend/correct the Petition and a second motion to amend/correct the Petition.  ECF Nos. 36; 37.  Upon consideration of those motions and the matters presented in this action, the Honorable

---

[5] Concurrently with the Report and Recommendation, the Court issued an Order authorizing service of the Petition on Respondent pursuant to Rule 4 of the Rules Governing Section 2254 cases (which may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241), but directed the Respondent to <u>not</u> file an answer to the Petition as it was subject to summary dismissal.  ECF No. 20 at 1–2.  Respondent has not been directed to file an answer or return.  No appearance has been made by counsel on behalf of Respondent, and neither an answer nor any briefs responsive to the motions or Orders filed in this case have been filed by Respondent.

[6] The case was subsequently reassigned to the Honorable Richard M. Gergel.  ECF No. 31.

[7] As noted, the Florida Supreme Court "answered the rephrased first certified question" on November 17, 2022, and returned the case to the Eleventh Circuit Court of Appeals.  *Somers*, 355 So. 3d at 892.  The Eleventh Circuit issued its decision on April 25, 2023, holding that "aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's elements clause."  *Somers*, 66 F.4th at 896.  As discussed below, these decisions offer no help to Petitioner.

Richard M. Gergel entered an Order dated January 12, 2023, appointing Assistant Federal Public Defender Ann Walsh to represent Petitioner, noting the complexity of the issues raised in the Petition.  ECF No. 39.  That Order also affirmed the administrative stay in this case "until further order of this Court."  *Id*. at 1.

Counsel for Petitioner filed a status report dated March 27, 2023 (ECF No. 43), a supplemental brief in response to the Court's January 2023 Order (ECF No. 47), and a supplemental motion to stay dated May 16, 2023 (ECF No. 48).  By Order dated May 18, 2023, Judge Gergel again affirmed that "[t]he administrative stay in this matter shall remain in place until further order of this Court," noting that two cases pending before the United States Supreme Court might impact the issues in the present case.[8]  ECF No. 49.

On August 3, 2024, counsel for Petitioner filed a third supplemental brief requesting that the Court grant the Petition and vacate Petitioner's conviction and sentence.  ECF No. 60.  Accordingly, on August 12, 2024, Judge Gergel entered an Order lifting the stay in this matter, vacating the previously entered Report and Recommendation, and referring the matter to the undersigned United States Magistrate Judge "to address all pending motions."  ECF No. 63.

The Court has carefully reviewed the pro se Petition and supporting documents; the records from Petitioner's underlying criminal action in the sentencing court, including Petitioner's appeals and prior habeas actions; and the briefs and exhibits filed in this case by Petitioner's court-

---

[8] Those two cases were *Brown v. United States*, No. 22-6389, and *Jackson v. United States*, No. 22-6640, which were consolidated for review by the United States Supreme Court.  ECF No. 49.  On May 23, 2024, the Supreme Court issued a decision in those two cases holding that a state court drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of the offense.  *See Brown v. United States*, 144 S. Ct. 1195 (2024).  As discussed below, the Supreme Court's ruling in *Brown* offers no help to Petitioner and instead forecloses at least some of the arguments he had hoped to make in his present Petition, which Petitioner now acknowledges.

appointed counsel. The Court will briefly summarize Petitioner's underlying conviction and sentence, his appeals and collateral attacks, and the issues presented in the Petition filed in this case.

### Petitioner's Conviction, Sentence, and Appeal

On April 3, 2014, a grand jury in the United States District Court for the Southern District of Florida issued a single-count indictment against Petitioner, charging him with the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See Hall*, Doc. 8 at 1. The indictment also charged Petitioner with a sentencing enhancement under § 924(e)(1). *Id*. A jury convicted Petitioner of the felon-in-possession charge on September 24, 2014. ECF No. 1-1 at 3; *see also Hall*, Doc. 77. On December 3, 2014, the Honorable Darrin P. Gayles sentenced Petitioner to a term of imprisonment of 262 months followed by 5 years of supervised release. ECF No. 1 at 1; *Hall*, Doc. 101.

Importantly, the court applied a sentencing enhancement under the ACCA, which requires a court to impose a mandatory minimum sentence of 15 years' imprisonment for the felon-in-possession charge.[9] *See Hall*, Doc. 124 at 30, 35–37. Specifically, the sentencing court concluded that Petitioner had at least three prior convictions for a violent felony or a serious drug offense

---

[9] As explained by the Supreme Court,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson v. United States*, 576 U.S. 591, 593 (2015).

needed to trigger the ACCA sentencing enhancement, including a conviction for aggravated assault under Florida law and two felony convictions for drug charges. *Id.*

Petitioner filed a notice of appeal from his conviction and sentence, and, on October 14, 2015, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. ECF No. 1 at 2; *Hall*, Docs. 102; 147.

### Petitioner's § 2255 Motion

On December 14, 2015, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. ECF No. 1 at 3; *Hall*, Doc. 148. In his motion, Petitioner argued that the sentencing court erroneously sentenced him because his prior convictions should not have counted as violent felonies under the ACCA. *Hall*, Doc. 148 at 4. However, the sentencing court denied his motion on February 11, 2016. *Id.*, Doc. 149. In ruling on Petitioner's § 2255 motion, the sentencing court explained as follows:

> The Presentence Investigation Report ("PSI") prepared in advance of sentencing provided for a sentencing range of 210 to 262 months of imprisonment, based, in part, on the fact that the Petitioner qualifies as an "armed career criminal," as defined under the [ACCA]. This Court determined the Petitioner satisfied the requirements for the armed career criminal sentencing enhancement, based on his current conviction for felon-in-possession and three prior predicate convictions: ***two separate convictions for possession with intent to sell cocaine in 1988***, *see* PSI at 7 ¶¶ 24–25, and ***one conviction for assault with a firearm in 2010***, *see id.* at 13 ¶ 49. On December 3, 2014, the Court sentenced the Petitioner as an armed career criminal to 262 months' imprisonment. . . .

> The Petitioner timely filed the instant Motion on November 27, 2015, arguing that the sentence enhancement the Court imposed under the ACCA is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015). . . .

> [B]ecause the Petitioner was convicted of three valid ACCA predicate offenses, none of which relied on the residual clause of the

6

ACCA, [which was ruled unconstitutional in *Johnson*,] he was properly classified by this Court as an armed career criminal and sentenced appropriately.

*Id.*, Doc. 149 at 2–3, 5 (emphasis added). Petitioner appealed the sentencing court's denial of his § 2255 motion, but the Eleventh Circuit dismissed the appeal for lack of prosecution on March 6, 2018. *Id.*; Doc. 159.

**Petitioner's Applications to File a Second or Successive § 2255 Motion**

Thereafter, Petitioner filed four applications with the Eleventh Circuit Court of Appeals seeking authorization to file motions in the sentencing court to consider a second or successive motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255:

- *In re: Timothy Hall*, No. 20-11115 (11th Cir.); petition filed on March 19, 2020, and denied on April 6, 2020.

- *In re: Timothy Hall*, No. 20-11500 (11th Cir.); petition filed on April 20, 2020, and denied on May 6, 2020.

- *In re: Timothy Hall*, No. 21-13318 (11th Cir.); petition filed on September 24, 2021, and denied on October 7, 2021.

- *In re: Timothy Hall*, No. 24-11753 (11th Cir.); petition filed on May 29, 2024, and denied on June 11, 2024.

In at least three of those applications, Petitioner made similar arguments to the ones he makes in the present case. Specifically, Petitioner argued that his sentencing enhancement under the ACCA is unconstitutional because his prior conviction for aggravated assault under Florida law, Fla. Stat. § 784.021, no longer qualifies as a violent felony in light of the United States Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021). The Eleventh Circuit disagreed, finding Petitioner's "reliance on *Borden* [to be] misplaced." *In re: Timothy Hall*, No. 21-13318 (11th Cir.

Oct. 7, 2021), Doc. 2 at 4. Specifically, the Court found that Petitioner failed to satisfy the requirements for a successive application under § 2255 because he did not show by clear and convincing evidence that he was innocent of his felon-in-possession charge and because *Borden* did not announce a new rule of constitutional law that had been made retroactive to cases on collateral review. *Id*. at 5. As such, the Eleventh Circuit denied Petitioner's applications for leave to file a second or successive motion. *Id*. Indeed, in the most recent application (filed this year while this case was stayed), the Eleventh Circuit denied Petitioner's application and noted he was "raising the same claim that he previously raised in his prior applications—that he was improperly sentenced under the ACCA because the predicate offenses were reduced to misdemeanors—and we denied this claim in his March 2020 application for failing to meet the statutory criteria under § 2255 and dismissed his April 2020 application for raising this repetitious claim." *In re: Timothy Wesley Hall*, No. 24-11753 (11th Cir. May 29, 2024), Doc 2 at 3–4.

### Petitioner's Present Action

In the present action filed in this Court, Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, claiming again that his sentence is unconstitutional in light of *Borden*. ECF No. 1. Petitioner asserts two grounds in his pro se Petition as provided below substantially verbatim.

> **GROUND ONE**: In light of *Borden v. United States*, [Petitioner] should no longer be deemed a career offender (ACCA) under 18 U.S.C. § 924(e).

> **GROUND TWO**: [Petitioner's] sentence exceeds the statutory maximum in light of *Borden*.

*Id*. at 4. Petitioner's court-appointed counsel has filed a brief in support of the Petition making the following arguments. ECF No. 60. First, Petitioner contends he does not have three qualifying predicate offenses to satisfy the requirements of the ACCA. *Id*. at 2. He notes his ACCA

enhancement was based on three predicate convictions—one conviction for assault with a firearm and two separate convictions for possession with intent to sell cocaine. *Id.* As to the assault conviction, Petitioner explains the conviction was for "Aggravated Assault under Florida statutes sections 784.021(1)(a) and 2." *Id.* Petitioner notes the "statute states that this conviction is a felony in the third degree" and that he "received a sentence of 3 years." *Id.* Petitioner identifies decisions from the Seventh Circuit Court of Appeals and the Eleventh Circuit Court of Appeals examining "this Florida offense for ACCA purposes," noting the Seventh Circuit "held that the offense was not a violent crime" while the Eleventh Circuit "found that the offense today is a violent crime." *Id.* at 3. Petitioner urges the Court to follow the opinion of the Seventh Circuit instead of the Eleventh Circuit and find his assault conviction is not a violent felony for purposes of the ACCA enhancement. *Id.*

Next, Petitioner concedes that his "two Florida convictions for 'possession of cocaine with intent' may be used as serious drug offenses under the ACCA." *Id.* at 14. Citing *Brown*, 144 S. Ct. 1195, he acknowledges that a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense and, therefore, "withdraws this issue from further consideration, as his state conviction was criminalized under the Controlled Substances Act at the time." *Id.* at 15.

Finally, Petitioner argues that the indictment, trial, and sentencing violate the United States Constitution for two reasons. *Id.* First, relying on *Rehaif v. United States*, 588 U.S. 225 (2019), he asserts that the Government has never alleged or proven nor has a jury found that Respondent knew he was a person barred from possessing a firearm. *Id.* at 16. Second, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he asserts the "Government has never alleged or proven, nor has a jury found beyond a reasonable doubt, that [Respondent] knew he had three prior felony

convictions for violent crimes or serious drug offenses, which took place on separate occasions." *Id*.

## APPLICABLE LAW

### Habeas Corpus Review

This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Thus, the narrow question before the Court is whether it "plainly appears" that Petitioner is not entitled to any relief. If so, his Petition must be dismissed; if not, the Respondent must respond.

### The Savings Clause

Ordinarily, "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). However, § 2255 includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's conviction or sentence when § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e). Accordingly, Petitioner can challenge his federal sentence under § 2241 only if he can satisfy the requirements of the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Nevertheless, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citation omitted).

The District Court may raise a petitioner's failure to satisfy the savings clause sua sponte, and if a petitioner cannot meet the savings clause requirements, then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice*, 617 F.3d at 807; *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (explaining that a district court has an independent duty to ensure that jurisdiction is proper and to dismiss a case whenever it appears that subject matter jurisdiction is lacking).

## DISCUSSION

Before addressing the merits of the Petition and the arguments made by counsel, the Court will address the two pending motions to amend filed by Petitioner before counsel was appointed.

### Petitioner's First Motion to Amend

Petitioner, while proceeding pro se, filed a first motion to amend his Petition, which was entered on this Court's docket on December 12, 2022. ECF No. 36. In that motion, he explains that he was transferred from Williamsburg Federal Correctional Institution ("FCI Williamsburg") to McDowell Federal Correctional Institution ("FCI McDowell"). *Id*. He requests that the Court change or correct the name of the Respondent to reflect his current custodian. *Id*. He further asserts that "this Court still has jurisdiction." *Id*.

When Petitioner commenced this action, he was incarcerated at the FCI Williamsburg in Salters, South Carolina. ECF No. 1 at 1. In September 2022, Petitioner notified the Court that he had been transferred the FCI McDowell in Welch, West Virginia. ECF Nos. 34; 35. District courts

are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained," 28 U.S.C. § 2243.  Therefore, the proper party respondent is the "person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (internal quotation marks omitted).  Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (internal quotation marks omitted); *see id.* at 447 (noting a § 2241 petition must be brought against the warden of the facility where the prisoner is being held and in the district of confinement).  However, the Fourth Circuit has explained that "[w]hen the 'Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court [where the petitioner filed a petition] retains jurisdiction.'" *Lennear v. Wilson*, 937 F.3d 257, 263, n.1 (4th Cir. 2019) (most alterations in original) (quoting *Padilla*, 542 U.S. at 441).  Because Petitioner initially filed his action in this District, where he was confined at the time, and named his immediate custodian at FCI Williamsburg as the Respondent, "jurisdiction" under § 2241(a) was present in this Court at the outset.  Therefore, Petitioner's transfer to FCI McDowell does not defeat this Court's ability to entertain the Petition.  As to Petitioner's request in his motion to correct the name of the Respondent, the undersigned concludes that his request is MOOT as this action is subject to dismissal.

### Petitioner's Second Motion to Amend

Petitioner, while proceeding pro se, filed a second motion to amend his Petition, which was entered on this Court's docket on December 27, 2022.  ECF No. 37.  In that motion, Petitioner

asserts that two of the three convictions used to enhance his sentence under the ACCA should not count as predicate offenses because they "do not meet the federal definition of a federal drug conviction." *Id*. By way of support, he cites *United States v. Owen*, 51 F.4th 292, 294 (8th Cir. 2022), but offers no explanation as to why that case supports his argument.

In *Owen*, the Eight Circuit affirmed the district court in finding that a defendant's conviction under Minnesota law for selling cocaine was not a serious drug offense under the ACCA because the state law at issue criminalized the sale of drugs that the federal controlled-substance schedules did not. *United States v. Owen*, 51 F.4th 292, 294 (8th Cir. 2022), *reh'g denied,* No. 21-3870, 2022 WL 17840559 (8th Cir. Dec. 22, 2022). The Eighth Circuit's ruling provides no assistance to Petitioner in this case.

First, Petitioner was convicted (as to his two drug related predicate convictions for the ACCA enhancement) under Florida law and not under the Minnesota statute at issue in *Owen*. Second, as explained below, the drug offenses for which he was convicted are proper predicate offenses for an ACCA enhancement. *See Brown*, 144 S. Ct. 1195 (holding that a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense).[10] Indeed, Petitioner's counsel concedes this point and notes that Petitioner "withdraws this issue from further consideration, as his state conviction was criminalized under the Controlled Substances Act at the time." ECF No. 60 at 15. In light of this concession by Petitioner's counsel and based on the Supreme Court's decision in *Brown*, the undersigned finds

---

[10] This Court recognized that the decision in *Brown* might impact Petitioner's claims and, therefore, extended the administrative stay in this case pending the outcome of that case. ECF No. 49. The Supreme Court has now ruled on this issue, but that ruling precludes Petitioner's argument.

that Petitioner's motion to add arguments or claims to the Petition regarding his drug convictions should be DENIED.

## Petitioner's *Borden* Claim

Next, the Court turns to the primary claim asserted in the Petition—that Petitioner's conviction for aggravated assault under Florida law is not a violent felony to support an ACCA enhancement. ECF Nos. 1 at 4; 1-1 at 2–6; 60 at 2–14. Petitioner contends that his prior conviction for aggravated assault under Florida law is no longer a valid predicate offense for the ACCA enhancement after *Borden* and that his sentence therefore exceeds the statutory maximum allowed for a felon-in-possession charge. ECF No. 1-1 at 2, 4.

In *Borden*, the Supreme Court held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA." 593 U.S. 445. The Supreme Court noted that the Tennessee statute for reckless aggravated assault at issue in that case could be violated with a mens rea of recklessness and therefore that a conviction under that statute is not a violent felony under the elements clause of the ACCA. *Id.* Petitioner argues that, like the conviction at issue in *Borden*, his conviction for aggravated assault under the Florida statute cannot qualify for a violent felony to support the ACCA enhancement. However, *Borden* provides no relief to Petitioner.

In her Order dated June 22, 2022, Judge Childs stayed this action "until the Florida Supreme Court has answered the certified questions and the Eleventh Circuit has issued its opinion on rehearing in *Somers v. United States*, 15 F.4th 1049 (11th Cir. 2021)" regarding whether aggravated assault under Florida law qualifies as a violent felony. ECF No. 29 at 1. Judge Childs explained:

> At issue here is whether Petitioner's previous conviction for aggravated assault under Florida law, Fla. Stat. § 784.021 (2021), qualifies as a violent felony under *Borden*, 141 S. Ct. 1817. To reach this question, the court must first determine the jurisdictional issue

of whether Petitioner falls within the savings clause of § 2255(e), which permits prisoners who cannot apply for relief under § 2255 "to apply for a traditional writ of habeas corpus pursuant to § 2241."

*Id*. at 2 (footnote and citation omitted).  Judge Childs noted:

> [T]he resolution of *Somers II* is instrumental in determining whether the Eleventh Circuit's substantive law changed post-*Borden*.  . . . Indeed, at the heart of *Somers II* lies the Eleventh Circuit's recognition that *Borden* called its precedents into question. . . . For this reason, the Eleventh Circuit panel granted a rehearing of its initial decision in *Somers* . . . and *specifically* ordered the parties to brief the Borden issue regarding the *mens rea* for aggravated assault to "facilitate full consideration of these questions," teeing up *Somers II*.  Noting that it is "bound by [state] courts' determination and construction of the substantive elements of [the] state offense," and acknowledging that Florida courts were split on the issue, the *Somers II* court vacated its holding in *Somers I* and certified the questions to obtain a definitive answer.  . . . Because the important questions anticipated and certified by the *Somers II* court remain unanswered and this court may not speculate as to their resolution, it is necessary to hold the present action in abeyance.

*Id*. at 4–5.  The Florida Supreme Court and the Eleventh Circuit have now answered these questions.

The Florida Supreme Court rephrased the certified question from the Eleventh Circuit ("Does the first element of assault as defined in Fla. Stat. § 784.011(1) – 'an intentional, unlawful threat by word or act to do violence to the person of another' – require specific intent?") as follows:

> Does the first element of the assault statute, section 784.011(1), require not just the general intent to volitionally take the action of threatening to do violence but also that the actor direct the threat at a target, namely another person?

*Somers v. United States*, 355 So. 3d 887, 889, 891 (Fla. 2022), *reh'g denied*, No. SC21-1407, 2023 WL 192314 (Fla. Jan. 17, 2023).  The Florida Supreme Court answered "in the affirmative" noting

> that the first element of Florida's assault statute, section 784.011(1), requires not just the general intent to volitionally take the action of

threatening to do violence, but also that the actor direct the threat at a target, namely, another person.

*Id.* at 892–93.  The Florida Supreme Court explained:

> Because section 784.011(1) does require that the intentional threat to do violence be directed at or targeted towards another individual, it is "aimed in that prescribed manner" referred to by the Supreme Court in *Borden*, 141 S. Ct. at 1825, and therefore cannot be accomplished via a reckless act.  The fact that an assault cannot be committed by a reckless act under Florida law means that a violation of section 784.011(1) requires at least knowing conduct.

*Id*. at 892.  Based on the Florida Supreme Court's answer to the certified question, as rephrased, the Eleventh Circuit concluded "that aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's elements clause."  *Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023) (noting "[t]he Florida Supreme Court has told us unambiguously that assault under Florida law requires a *mens rea* of at least knowing conduct; it cannot be committed recklessly.").

    As such, the issue identified in *Borden*—i.e., a crime that requires only a mens rea of recklessness cannot qualify as a "violent felony" as defined by the ACCA's elements clause—has no application to Petitioner's Florida state court conviction used to enhance his federal sentence. The law is now clear, Petitioner's predicate conviction of assault under Florida law is a violent felony under the ACCA.  *See United States v. Gary*, 74 F.4th 1332, 1336 (11th Cir. 2023) ("[A petitioner's] aggravated assault conviction under Fla. Stat. § 784.021(1)(b) categorically qualifies as a violent felony under the ACCA because, as our precedent in *Somers III* confirmed, Florida's aggravated assault statute requires an intentional threat to use violence against another person, regardless of whether it is committed under § 784.021(1)(a) or (b).").

Petitioner urges the Court to disregard the holding of the Eleventh Circuit and instead follow a decision from the Seventh Circuit. ECF No. 60 at 3. However, "[i]n evaluating substantive claims under the savings clause," a district court must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). The applicable "procedural law," on the other hand, is that of the district court's home circuit. *Id.* Thus, because Petitioner was convicted in the Southern District of Florida and brings his habeas action in this District, the Court applies the substantive law of the Eleventh Circuit and the procedural law of the Fourth Circuit in determining whether the savings clause has been satisfied. *See* 28 U.S.C. § 2241. This Court must therefore apply the law of the Eleventh Circuit (and of the Florida Supreme Court interpreting the very statute from which the underlying conviction arises). Petitioner's reliance on *Borden* is thus without merit in light of *Somers*.

As such, the Court must now consider whether Petitioner has presented a viable claim to satisfy the savings clause. In her Report and Recommendation dated January 28, 2022, Judge Austin discussed the savings clause tests under the then-applicable Fourth Circuit precedents of *In re Jones*, 226 F.3d 328 (savings clause test applicable to challenging a conviction), and *Wheeler*, 886 F.3d 415 (savings clause test applicable to challenging a sentence). ECF No. 21 at 6–9. As noted, on June 22, 2023, the Supreme Court held that the savings clause of § 2255(e) does not authorize "a prisoner [to] seek[ ] relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion[,]" thus abrogating the Fourth Circuit's savings clause tests announced in *In re Jones* and *Wheeler*. *Jones*, 143 S. Ct. at 1868.

Therefore, regardless of the viability of Petitioner's *Borden* claim, he cannot pursue it under § 2241. The Supreme Court explained in *Jones* that there are only two conditions under § 2255(h)

in which a second or successive § 2255 motion may proceed:  (1) newly discovered evidence or (2) a new rule of constitutional law.[11]  *Jones*, 143 S. Ct. at 1868.  The Supreme Court further explained:

> The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all.  Congress has chosen finality over error correction.

*Id.* at 1869.

Here, Petitioner has not satisfied either of the two conditions in § 2255(h) to proceed under § 2241.  Petitioner has not identified any newly discovered evidence and his claim does not involve a new rule of constitutional law.  Instead, Petitioner's claim is premised on an intervening change in statutory interpretation (*Borden*), although, for the reasons previously discussed, Petitioner cannot even make a valid *Borden* claim.  Moreover, even if Petitioner could make out a claim under *Borden* to show an intervening change in the law, "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 143 S. Ct. at 1864.  "Because *Borden* is a statutory interpretation decision, § 2255(h) does not permit [him]

---

[11] The statute identifies those two conditions as follows:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

to file a successive § 2255 motion, and *Jones* forecloses the possibility of filing a § 2241 habeas petition via § 2255(e)." *Diaz v. United States*, No. 7:22-cv-00240, 2023 WL 5808840, at *2 (W.D. Va. Sept. 7, 2023) (quotation marks and citation omitted). After *Jones* was decided, numerous courts in the Fourth Circuit, including the District of South Carolina, have held that a petitioner cannot proceed with a *Borden* claim under § 2241. *See, e.g.*, *Dorise v. Maruka*, No. 1:21-cv-00386, 2024 WL 3448475, at *6 (S.D.W. Va. June 3, 2024) ("*Jones v. Hendrix* is binding Supreme Court precedent that abrogates the Fourth Circuit's decision in *Wheeler* and absolutely bars [the petitioner's] savings clause claim" under *Borden*.), *Report and Recommendation adopted by* 2024 WL 3446333 (S.D.W. Va. July 17, 2024); *Helmstetter v. Streeval*, No. 7:22-cv-00617, 2023 WL 7180603, at *2 (W.D. Va. Nov. 1, 2023) (same); *Davis v. Streeval*, No. 7:23-cv-00377, 2023 WL 4828506, at *2 (W.D. Va. July 27, 2023) (same); *Johnson v. Dunbar*, No. 5:22-cv-3677-JD-KDW, 2023 WL 5211052, at *2 (D.S.C. July 12, 2023) (same), *Report and Recommendation adopted by* 2023 WL 5207981 (D.S.C. Aug. 14, 2023). Petitioner's *Borden* claim therefore fails as a matter of law.

### Petitioner's *Rehaif* Claim

Next, to the extent that Petitioner intends to assert a claim under *Rehaif*, he may not do so in this § 2241 action.[12] *See* ECF No. 60 at 16 (asserting a *Rehaif* claim). As the Fourth Circuit has recognized, following *Jones*, a petitioner seeking to challenge his 18 U.S.C. § 922(g)(1)

---

[12] In *Rehaif*, the United States Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237. Thus, "[t]o convict someone under § 922(g)(1), the government must prove four elements: (1) the defendant was a felon; (2) the defendant knew he was a felon; (3) the defendant knowingly possessed a firearm or ammunition; and (4) the firearm or ammunition was in or affecting interstate commerce." *Moss v. Dobbs*, No. 8:19-cv-02280-JMC-JDA, 2019 WL 7284989, at *5 (D.S.C. Sept. 23, 2019) (internal quotation marks omitted), *Report and Recommendation adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

conviction under *Rehaif* may not do so in a § 2241 application by way of the savings clause. *See, e.g., Taylor v. Warden, FCI Fort Dix*, No. 22-6877, 2024 WL 445653, at *1 (4th Cir. Feb. 6, 2024); *McGee v. Maruka*, No. 23-6344, 2023 WL 5666445, at *1 (4th Cir. Sept. 1, 2023) ("[A petitioner] may not challenge his §§ 922(g)(1), 924(a)(2) convictions based on *Rehaif* through a § 2241 petition by way of § 2255(e)'s savings clause.").

### Petitioner's *Apprendi* Claim

For similar reasons, to the extent Petitioner seeks to assert a claim under *Apprendi*, he may not do so in this § 2241 action.[13] *See* ECF No. 60 at 16 (asserting an *Apprendi* claim). The Fourth Circuit has made clear that "*Apprendi* does not apply retroactively on collateral review," whether the case is brought under § 2241 or § 2255. *San–Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002); *see also United States v. Sanders,* 247 F.3d 139 (4th Cir. 2001) (holding that the rule in *Apprendi* is not applicable to cases on collateral review). Therefore, to the extent "the claims raised by [P]etitioner are indeed *Apprendi*-type claims, [P]etitioner's claims are not cognizable under 28 U.S.C. § 2241." *Chung v. Owens*, No. 3:09-cv-2115-TLW-JRM, 2009 WL 3271261, at *5 (D.S.C. Oct. 9, 2009), *aff'd,* 373 F. App'x 344 (4th Cir. 2010); *see also Barmore v. United States*, No. 2:09-cv-799-PMD-RSC, 2009 WL 1936783, at *2 (D.S.C. July 6, 2009) ("The Fourth Circuit has explicitly upheld this Court when it dismissed a § 2241 action which raised *Apprendi* claims under the 'savings clause.'" (citation omitted)).

---

[13] In *Apprendi*, the United States Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

## CONCLUSION

"[T]he savings clause exception is largely intended for those federal prisoners who were unable to utilize a § 2255 motion to take advantage of a change in the applicable law." *Baker v. Warden, FCI Williamsburg*, No. 2:22-cv-00114-MGL-MGB, 2022 WL 17834646, at *6 (D.S.C. June 15, 2022), *Report and Recommendation adopted by* 2022 WL 17834043 (D.S.C. Dec. 21, 2022). Here, Petitioner has not identified any change in the applicable law for which he can seek relief through the savings clause. Because Petitioner cannot meet the requirements of the savings clause, this Court lacks jurisdiction to consider the Petition.

Accordingly, IT IS ORDERED that Petitioner's second motion to amend (ECF No. 37) is DENIED. Petitioner's first motion to amend (ECF No. 36) is MOOT for the reasons stated. Further, it is recommended that the § 2241 Petition be dismissed without prejudice[14] and without requiring the Respondent to file an answer or return.

s/Bristow Marchant
United States Magistrate Judge

August 14, 2024
Greenville, South Carolina

---

[14] *See Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[ ] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").