# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Timothy Wesley Hall, | Case No. 8:21-cv-3497-RMG |
| Petitioner, | |
| v. | |
| Warden, FCI Williamsburg, | **ORDER AND OPINION** |
| Respondent. | |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Petitioner's action seeking a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction. (Dkt. No. 64). Petitioner filed objections to the R&R. (Dkt. No. 67). For the reasons set forth below, the Court partially adopts the R&R as the Order of the Court and dismisses Petitioner's case without prejudice.

**I.   Background**

Petitioner seeks habeas relief under 28 U.S.C. § 2241 on the grounds that the enhancement of his criminal sentence under the Armed Career Criminal Act, 18 U.S.C § 924 ("ACCA") is unconstitutional in light of *Borden v. United States*, 593 U.S. 420 (2021). (Dkt. No. 1 at 4). The ACCA, which categorizes an individual as a career criminal at the sentencing stage if they have been convicted of three prior state or federal convictions for violent felonies or serious drug offenses, applies a mandatory minimum 15-year term to the offender's sentence. 18 U.S.C. § 924(e). Because petitioner had two prior convictions for possession with intent to sell cocaine and one prior conviction of assault with a firearm, the sentencing court applied the ACCA to his sentence after being convicted as a felon in possession of a firearm. (Dkt. No. 64 at 6). Petitioner

1

was sentenced to 262 months in prison followed by 5 years of supervised release. (Dkt. No. 64 at 5).

In *Borden v. United States*, the Supreme Court held that "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies under ACCA." *Borden*, 593 U.S. at 445. The Court reasoned that the Tennessee aggravated assault statute at issue could be violated with a mens rea of recklessness and therefore did not constitute a violent felony for ACCA purposes. *Id.* Petitioner sought to apply this reasoning to his conviction for aggravated assault in Florida, and Judge Childs stayed his case after the Eleventh Circuit certified the question of what mens rea was required to violate Florida's aggravated assault statute to the Florida Supreme Court. (Dkt. No. 29 at 1); *Somers v. United States*, 15 F.4th 1049 (11th Cir. 2021). The Florida Supreme Court answered that Florida's assault statute required "at least knowing conduct" and "cannot be accomplished via a reckless act," confirming that conviction under the statute qualified as a predicate felony for application of the ACCA. *Somers v. United States*, 355 So. 3d 887, 889, 892 (Fla. 2022); *Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023) (noting "[t]he Florida Supreme Court has told us unambiguously that assault under Florida law requires a mens rea of at least knowing conduct; it cannot be committed recklessly."); *United States v. Gary*, 74 F.4th 1332, 1336 (11th Cir. 2023) ("[A petitioner's] aggravated assault conviction under Fla. Stat. § 784.021(1)(b) categorically qualifies as a violent felony under the ACCA because, as our precedent in Somers III confirmed, Florida's aggravated assault statute requires an intentional threat to use violence against another person, regardless of whether it is committed under § 784.021(1)(a) or (b)."). In light of the decisions of the Florida Supreme Court and the Eleventh Circuit, this Court lifted the stay of Petitioner's case on August 12, 2024. (Dkt. No. 63).

## II.   Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### B. Habeas Relief Under 28 U.S.C. § 2241

28 U.S.C. § 2241 empowers district courts to grant a writ of habeas corpus to prisoners in custody of the United States in limited circumstances. Typically, "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). However, a petitioner can in limited circumstances challenge his federal conviction and sentence under § 2241 if he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (e). "The Section 2255 remedy 'is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a [Section] 2255 motion.'" *Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 568–69 (4th Cir. 2021) (quoting *In re Vial*, 115 F.3d at 1194). Rather, the savings clause of Section 2255 "reserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing

4

court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

### III. Discussion

#### A. Miscellaneous Motions

Petitioner does not object to the Magistrate Judge's recommendation that his First Motion to Amend is moot and that his Second Motion to Amend should be denied. (Dkt. No. 64 at 12-14). Finding no clear error, the Court adopts these findings of the R&R.

#### B. Objections

Petitioner raises three objections to the R&R. The Court reviews the portions of the R&R to which each objection relates under a *de novo* standard of review.

##### 1. Petitioner's § 2241 Petition

First, Petitioner contends that this Court has jurisdiction to consider his petition because it satisfies the requirements of 28 U.S.C. §§ 2241, 2242 and 2244. (Dkt. No. 67 at 3). Specifically, he explains that "[c]ontrary to the assertions in the R&R, no prior judge or court of the United States has inquired into the legality of Mr. Hall's detention on the specific grounds and law contained in the case before this court," resulting in his petition's compliance with Section 2244, which provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(*Id.*) (quoting 28 U.S.C. § 2244).

As the R&R ably noted, Petitioner has filed four applications with the Eleventh Circuit seeking to file second and successive petitioners under § 2255, three of which raised the same argument Petitioner makes here—that his sentencing enhancement under the ACCA is unconstitutional in light of *Borden*. (Dkt. No. 64 at 7-8). The Eleventh Circuit has denied each application. (*Id.*; *see also In re: Timothy Wesley Hall*, No. 24-11753, Dkt. No. 2 at 3-4 (11th Cir. May 29, 2024) (denying Petitioner's application for "raising the same claim that he previously raised in his prior applications—that he was improperly sentenced under the ACCA because the predicate offenses were reduced to misdemeanors—and we denied this claim in his March 2020 application for failing to meet the statutory criteria under § 2255 and dismissed his April 2020 application for raising this repetitious claim."). Petitioner may not seek to avail himself of the savings clause and seek relief through Section 2241 due to the fact that he has been unable to obtain relief through Section 2255. *Marlowe*, 6 F.4th at 568–69. The Court adopts the R&R's finding that this Court is without jurisdiction to consider Petitioner's Section 2241 petition, but nonetheless proceeds to address Petitioner's remaining objections.

### 2. *Rehaif/Apprendi* Claims

Petitioner argues that the Supreme Court's holding in *Jones v. Hendrix*, 599 U.S. 465, 143 (2023) does not bar his challenge under Section 2241, which "attacks his indictment, the proceedings that resulted in his conviction, his conviction, and his sentence." (Dkt. No. 67 at 5). Petitioner contends that his indictment "was faulty not just because of an 'interpretation of statutory law,' which the *Jones* decision found inadequate to justify collateral review" but unconstitutional where the indictment "[did] not allege a violation of federal law . . . result[ing] in a conviction under an invalid indictment." (*Id.*). Petitioner explains that "[t]he government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a

firearm) and also that he knew he fell within the relevant status, that he was a felon and not allowed to possess a gun" [Petitioner's *Rehaif* claim] and "allege and prove to a jury beyond a reasonable doubt that a defendant has three prior convictions for violent felonies or serious drug offenses that were committed on separate occasions" [Petitioner's *Apprendi* claim]. (*Id.*) He alleges that "neither his indictment nor the trial proceedings satisfied these requirements." (*Id.*).

As noted by the Magistrate Judge, Petitioner may not make a *Rehaif* challenge via a Section 2241 habeas petition. *Taylor v. Warden, FCI Fort Dix*, No. 22-6877, 2024 WL 445653, at *1 (4th Cir. Feb. 6, 2024); *McGee v. Maruka*, No. 23-6344, 2023 WL 5666445, at *1 (4th Cir. Sept. 1, 2023) ("[A petitioner] may not challenge his §§ 922(g)(1), 924(a)(2) convictions based on *Rehaif* through a § 2241 petition by way of § 2255(e)'s savings clause."). Regarding Petitioner's *Apprendi* claim, the fact that the Fourth Circuit has declined to apply the case retroactively on collateral review is not relevant here where Petitioner was convicted and sentenced years after *Apprendi* was decided. The Court declines to adopt this portion of the R&R. (Dkt. No. 64 at 20). Regardless, to the extent Petitioner seeks to argue that his sentence is unconstitutional by virtue of the sentencing court not following the rule of law set forth in *Apprendi*, he must seek recourse through 28 U.S.C. § 2255. 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255).

### 3. *Borden* Claim

Petitioner's final objection is directed towards the Magistrate Judge's application of the Eleventh Circuit's holding in *Somers v. United States* to foreclose his *Borden* claim. (Dkt. No. 67 at 7). Petitioner urges this Court to adopt the competing analysis of the Seventh Circuit, which

7

held that Florida's aggravated assault statute did not qualify as a violent felony under the ACCA at the time of the petitioner's conviction, which, like Petitioner here, occurred prior to the Eleventh Circuit's decision in *Somers*. (*Id.* at 7) (citing *United States v. Anderson*, 99 F.4th 1106, 1112 (7th Cir. 2024)). In *Anderson*, the Seventh Circuit reasoned that the question it sought to address—whether the petitioner's conviction for aggravated assault in 2001 constituted a violent felony under the ACCA—was not squarely addressed by the Eleventh Circuit's opinion in *Somers*. *Id.* at 1111. The Seventh Circuit reasoned that "Florida courts were split on the breadth of the assault statute" at the time of the petitioner's conviction, and Florida's rules of statutory interpretation require that "all decisions of [the Florida Supreme Court] disagreeing with a statutory construct previously rendered by a district court constitute 'changes' in the applicable law from the law at the time of conviction" which "do not apply retroactively unless the court states that the change satisfies a three-part test enunciated in *Witt v. Florida*, 387 So.2d 922, 926 (Fla. 1980)." *Id.* However, in answering the question certified on appeal by the *Somers* Court, the Florida Supreme Court did not cite or apply *Witt* nor announce its intent for *Somers* to apply retroactively. *Id.* As a result, the Seventh Circuit considered that there was "no ruling from the state's highest court on the law at the time of Anderson's conviction" and applied the "realistic probability" test to hold that "[b]ecause Florida appellate cases using the recklessness standard were good law at the time of Anderson's conviction in 2001, a defendant faced a realistic probability that a trial court would have relied on them to convict him of aggravated assault when that defendant had only a reckless state of mind" and "[g]iven that realistic probability, the government may not rely on the 2001 Florida conviction as an ACCA predicate." *Id.* at 1112-13.

      The Magistrate Judge addressed the discrepancy between the Seventh and Eleventh Circuit opinions in the R&R, explaining that "[i]n evaluating substantive claims under the savings clause,"

a district court must "look to the substantive law of the circuit where a defendant was convicted" and apply the procedural law of the district court's home circuit. (Dkt. No. 64 at 17) (citing *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019)). The R&R continued that "because Petitioner was convicted in the Southern District of Florida and brings his habeas action in this District, the Court applies the substantive law of the Eleventh Circuit and the procedural law of the Fourth Circuit in determining whether the savings clause has been satisfied. . . This Court must therefore apply the law of the Eleventh Circuit (and of the Florida Supreme Court interpreting the very statute from which the underlying conviction arises)." (*Id.*). The applicable procedural law in light of the Supreme Court's abrogation of Fourth Circuit precedent regarding the savings clause was explained by the Court in *Jones v. Hendrix*:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.

599 U.S. 465, 480 (2023). In other words, applying *Jones*, Petitioner is barred from bringing his claim under § 2241 via reliance on Section 2255's savings clause, and may only pursue his claim if he can satisfy § 2255(h)'s requirement that his petition is premised on newly discovered evidence showing clear and convincing evidence of actual innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255(h). As Petitioner can not make either showing, his Section 2241 petition is subject to summary dismissal. (*Id.*).

### IV.     Conclusion

In light of the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice and without requiring the Respondent to file an answer or return. (Dkt. No. 1).  Petitioner's first motion to amend is **MOOT** and his second motion to amend is **DENIED**. (Dkt. Nos. 36, 37).  The R&R is **ADOPTED** as the Order of the Court excluding its reasoning regarding Petitioner's *Apprendi* claim. (*See* Dkt. No. 64 at 20).

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

November 13, 2024
Charleston, South Carolina